**Motions Disposed and Order filed January __, 2020**



In The

# Fourteenth Court of Appeals

_____

NO. 14-19-00410-CV
NO. 14-19-00669-CV
_____

**ALI CHOUDHRI, Appellant**

**V.**

**OSAMA ABDULLATIF, ET AL, Appellees**

_____

On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2017-44151

_____

NO. 14-19-00601-CV
_____

**ALI CHOUDHRI, Appellant**

**V.**

**OSAMA ABDULLATIF AND MOKARAM-LATIF WEST LOOP, LTD., A
TEXAS LIMITED PARTNERSHIP, Appellees**

**On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2017-50232**

## ORDER

Appellant Ali Choudhri and appellees Osama Abdullatif, and Mokaram-Latif West Loop, Ltd. are parties to four appeals pending in this court:

- **14-18-00866-CV**, *2500 West Loop Inc. et al. v. Abdullatif et al.*, from trial court cause number 2017-50232;

- **14-19-00410-CV**, *Choudhri v. Abdullatif et al.*, from trial court cause number 2017-44151;

- **14-19-00601-CV**, *Choudhri v. Osama Abdullatif and Mokaram-Latif West Loop, Ltd., A Texas Limited Partnership*, from trial court cause number 2017-50232; and

- **14-19-00669-CV**, *Choudhri v. Abdullatif et al.*, from trial court cause number 2017-44151.

Appeal **14-18-00866-CV** has been abated pending resolution of the bankruptcy proceeding filed by 2500 West Loop Inc. *See In Re: 2500 West Loop, Inc., Debtor*, Case No. 18-20459 (Chapter 11); In the U.S. Bankruptcy Court for the Southern District of Texas, Corpus Christi Division (**"the Bankruptcy"**).

Appellees filed a motion in appeal **14-19-00601-CV** asking for partial dismissal for lack of jurisdiction and to consolidate or abate. The motion asserts:

- a notice of removal was filed in trial court cause number 2017-50232 (the case underlying appeals 14-18-00866-CV and 14-19-00601-CV), removing that case to the court where the Bankruptcy is pending; and

- the bankruptcy court remanded some but not all of that case back to state court.

Appellees contend the temporary injunction order on appeal in **14-19-00601-CV** "falls squarely within matters expressly retained by the bankruptcy court," including "all equitable and injunctive relief sought by or against [2500 West Loop Inc.]." Appellees ask that we dismiss **14-19-00601-CV** for lack of jurisdiction "to the extent [that] appeal affects any equitable or injunctive relief sought by or against [2500 West Loop Inc.]." Appellees also assert appeal **14-19-00601-CV** "substantially duplicates" the other three appeals. Finally, appellees maintain, a pending Supreme Court of Texas proceeding may affect the outcome of the four appeals in this court. *See* No. 19-0080, *Ali Choudhri v. Osama Abdullatif and Ali Mokaram*, in the Supreme Court of Texas ("**the Supreme Court Case**"). If we do not dismiss **14-19-00601-CV** for lack of jurisdiction, appellees request that we handle all four appeals in a consolidated manner and that we await the resolution of the Supreme Court Case.

Appellant opposes dismissal but agrees all the active appeals should be abated—not to await the supreme court's decision, but because judicial economy would be served by awaiting disposition of the Bankruptcy. Appellant does not oppose consolidation of all four appeals.

We order as follows:

1. Appellees' motion in **14-19-00601-CV** is GRANTED IN PART AND DENIED IN PART.

    a. We grant the request for abatement, but we abate pending resolution of the Bankruptcy, not resolution of the Supreme Court Case.

    b. We deny the requests for dismissal and for consolidation without prejudice to re-urging either request.

2. On our own motion, we ABATE appeals **14-19-00410-CV** and **14-19-00669-CV** pending resolution of the Bankruptcy.

3. Appellees' motion to extend time to file their brief in **14-19-00601-CV** is

3

DENIED AS MOOT.

4. Appellant's motion to extend time to file his reply brief in **14-19-00410-CV** and **14-19-00669-CV** is DENIED AS MOOT.

Each appeal is abated, treated as a closed case, and removed from this court's active docket. The parties shall ensure the court is notified within 10 days of the Bankruptcy's conclusion. The court will consider an appropriate motion to reinstate any or all of the appeals, or the court may reinstate any or all of the appeals on its own motion.

PER CURIAM

Panel consists of Justices Wise, Jewell, and Poissant.